```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO

YADIRA MOLINA TORRES,    *   CIVIL NO.
                         *
     Plaintiff,          *   PLAINTIFF DEMANDS
                         *   TRIAL BY JURY
         Vs.             *
                         *
JOSÉ F. QUETGLAS JORDÁN, *
                         *
     Defendant.          *
                         *
--------------------------
```

**COMPLAINT**

TO THE HONORABLE COURT:

    NOW COMES, plaintiff, Yadira Molina Torres ("Molina" or "Plaintiff") through her undersigned attorney, and respectfully states as follows:

## I.  BRIEF SUMMARY OF THE ACTION

1. Plaintiff Molina retained defendant José F. Quetglas Jordán ("Quetglas" or "Defendant") to represent her in an original Federal Question Jurisdiction 42 U.S.C. §1983 ("Section 1983") claim of deprivation of her right to free speech protected by the First Amendment of the Constitution of the United States against the Municipio de San Juan later including in an amended complaint a separate diversity jurisdiction basis not noticed in the original complaint of various state law claims.

2. The case was originally filed by a previous attorney in The

United States District Court for the District of Puerto Rico Civil Number 18CV01079 (JAG).

3. As a result of multiple procedural incidents attributed solely to Quetglas' professional negligence all claims of the amended complaint were dismissed with prejudice.

4. Molina brings this diversity of jurisdiction action for compensatory damages against Quetglas claiming that due to his professional negligence he incurred in legal malpractice which was the sole and proximate cause of the dismissal of all the causes of action alleged in the amended complaint with prejudice.

## II. JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. §1332, where all the parties on either part of the controversy are of diverse citizenship and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. The facts set forth in this complaint are actionable under the following statutes and codes of professional conduct:

    a. Articles 1801 and 1802 of the Puerto Rico Civil Code (31 L.P.R.A. §§ 5141 and 5142; Article 1802 of the

   Puerto Rico Civil Code of 1930 was replaced by Article 1536 when the new Puerto Rico Civil Code came into effect in 2020. <u>Dumanian v. FirstBank Puerto Rico</u>, 22-cv-1543, 2024 WL 197429, at *3 (D.P.R. Jan. 17, 2024). "Article 1536, however, contains the same elements as its predecessor, thereby leaving the tort statute practically unchanged." Id. henceforth the "General Tort Statute").

 b. Model Rules of Professional Conduct (the "Model Rules"), adopted by the American Bar Association, as amended, the Code of Pretrial and Trial Conduct published by the American College of Trial Lawyers, as amended ("Code of Pretrial and Trial Conduct") and the Puerto Rico Code of Professional Ethics of 1970.

7. Venue lies under 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. §3732(a) because Defendant's principal place of business is in Puerto Rico and the acts forming the basis of this Complaint caused Plaintiff to sustain her damages within the District of Puerto Rico.

### III. DEMAND OF TRIAL BY JURY

8. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff demands a trial by jury in the instant

case, pursuant to Fed.R.Civ.P. 38b.

## IV.  PARTIES

9.   Plaintiff Molina, is an adult female individual, is a bona fide resident of the State of Florida and a citizen of the United States of America. She is an attorney duly licensed to practice law in the Commonwealth of Puerto Rico currently in an inactive status.

10.   Defendant José F. Quetglas Jordán ("Quetglas"), is an adult male individual, is a bona fide resident of the Territory of Puerto Rico and a citizen of the United States of America. He is an attorney duly licensed to practice law in the Territory of Puerto Rico and before The United States District Court for the District of Puerto Rico.

## V. FACTS

11.   Molina retained Quetglas January 22, 2019.

12.   Quetglas' professional negligence resulted in multiple procedural incidents attributed solely to him constituting legal malpractice and are enumerated as follows and any others that may be subsequently detected:

    a. Without consulting or obtaining the consent of Molina added a diversity of jurisdiction allegation for the state law claims in the amended complaint when the

   original complaint only alleged federal question jurisdiction which was in itself sufficient legal allegation under the circumstances.

b. Ignored instructions from Molina to include certain parties as defendants in the amended complaint without justification.

c. Did not keep Molina duly informed as to the real reasons his untimely request to amend the complaint to include the additional parties was denied by the court.

d. Insisting that Molina sue her previous lawyer for legal malpractice regarding the missing parties that were not allowed by the court.

e. The Notice of Appearance by Pedro Vazquez whom Molina did not know, had not retained or entered into a contract with him.

f. Quetglas told Molina that the lawyer would be acting as a paralegal but contrary to that statement he entered his appearance in the case as Molina's lawyer which she did not agree to.

g. Quetglas would justify the need for the lawyer in that he had too much work and had upcoming court

1      appearances scheduled.
2   h. An Order striking Quetglas' motion to compel discovery
3      or failure to comply with local rules.
4   i. Failure to take depositions before discovery deadline
5      while Molina was telling him to take them and the
6      response being that he has seen cases without
7      depositions that they were not necessary. But
8      extensions were requested and granted and 9
9      depositions of defendants were taken and Molina's in
10     an expedited 2 week period. Quetgle's was not prepared
11     for any of the depositions.
12  j. At a mediation hearing before a Magistrate, it was
13     suggested that Molina request a trial date before
14     defendant filed a motion for summary judgment and 8
15     days later Quetgla's told Molina when we were about to
16     request the trial date defendant filed his motion for
17     summary judgment.
18  k. In an Order denying the presentation of Molina's
19     translations the court stated that plaintiff had
20     almost 3 months to prepare his opposition to summary
21     judgment and evidence in support .......... and
22     counsel has not provided good cause for the extension

1  ..... and it is his duty to diligently prosecute
2  Plaintiff's case.
3  l. Quetglas requested an extension to file Sur Reply as
4  to the motion for summary judgment and was denied by
5  the court as untimely.
6  m. An Opinion and Order was entered by the court June 27,
7  2023 and Judgment the same day dismissing all claims
8  with prejudice emphasizing that Molina had failed to
9  abide by the local rules due to the failure to file
10  the statement of uncontested facts and reliance on
11  only the allegations of the complaint and failure to
12  present evidence.
13  n. Molina reserves the right to amend this complaint once
14  a thorough review of case Civil Number 18CV01079 (JAG)
15  is performed.
16  13. The amended complaint demanded a total of $5,050,000.00 in
17  compensatory and medical damages in case Civil Number 18CV01079
18  (JAG).
19  14. Molina alleges that if Quetglas had been diligent in
20  prosecuting the case she would have had her day in court of a
21  trial before a jury of her peers and would have prevailed in her
22  claims against Municipio de San Juan.

## VI. DAMAGES

15. Due to the legal malpractice of Quetglas being the proximate cause of the dismissal Molina has suffered damages in the amount requested in the amended complaint of $5,050,000.00.

16. In the event that Quetglas denies responsibility for the damages claimed herein, pursuant to Rule 44 of the Rules of Civil Procedure of the Territory of Puerto Rico, Plaintiff would also be entitled to an award of pre-judgment and post-judgment interest, to be computed from the amount finally adjudged to Plaintiff, plus a reasonable amount for attorneys' fees, due to such obstinate and temerarious denial.

   WHEREFORE, plaintiff Molina through her undersigned attorney respectfully requests Judgment be entered by this Honorable Court in favor of Molina and against Quetglas:

a. granting Plaintiff all the sums and remedies requested in this Complaint;

b. imposing upon Defendant the payment of all costs and expenses to be incurred in this lawsuit;

c. awarding Plaintiff post-judgment interests, plus a reasonable amount for attorneys' fees; and,

d. granting Plaintiff any other relief that he may be entitled to as a matter of law.

1  Respectfully submitted in Carolina, Puerto Rico, this 26^(TH)
2  day of June 2024.

3  **FREDERIC CHARDON DUBOS LAW OFFICE**

4  s/Frederic Chardon Dubos
5  Frederic Chardon Dubos
   USDC-PR 201601
6  P.O. Box 1797
   Carolina, Puerto Rico, 00984-1797
7  Tel. (787) 908-2476
8  Email fcdlaw2020@gmail.com
   Attorney for Plaintiff

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28